■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD SCHROETER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 18, 1972, convicting him of attempted criminal possession of a dangerous drug in the fourth degree, upon a guilty

plea, and sentencing him to probation. The appeal brings up for review an order of the same court, dated February 23, 1972, which, after a hearing, denied defendant's motion to suppress evidence. Judgment and order affirmed. No opinion. Hopkins, Acting P. J., Latham and Cohalan, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and the order and to grant defendant's suppression motion and vacate his plea of guilty, with the following memorandum: The only question here is whether the trial court properly denied defendant's motion to suppress certain glassine envelopes containing heroin which were allegedly obtained as the result of an unlawful search and seizure. At the hearing, the arresting police officer testified that at 11:45 P.M. on October 4, 1971 he stopped his radio patrol car behind a Ford panel truck that was parked on the premises of a closed gasoline service station. He got out, approached the driver's window from the rear and, as he did so, he looked in the side-view mirror. (The mirror was about 12 inches high and six or seven inches wide and was affixed to the body of the truck at a 45-degree angle.) As he looked into this mirror, he saw defendant sitting behind the steering wheel. He testified that he saw, reflected in the mirror, defendant holding in his hands, more or less in the area of his lap, a quantity of glassine envelopes containing what appeared to be white powder. He saw defendant place the envelopes inside his trouser waistband. By then he was at the door of the truck and he told defendant to get out. As he did so he told him he was under arrest, at which time he saw a quantity of glassine envelopes on the floor of the truck at defendant's feet. He removed the glassine envelopes from inside defendant's trouser waistband and then retrieved the envelopes from the floor of the truck. In my opinion, it strains credulity to believe it is possible in the dark of midnight to look through a mirror into the unilluminated interior of a panel truck and see glassine envelopes containing a white powder in the hands of a person sitting behind the steering wheel and to see him put these envelopes inside his trouser waistband (cf. *People* v. *Corrado,* 22 N Y 2d 308, 313, n. 3). The motion to suppress should therefore have been granted.